UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTYL WILLIAMS, *et al.*,<br>Plaintiffs,<br>v.<br>SIERRA COUNTY, *et al.*,<br>Defendants. | Case No. 2:26-cv-2596-TLN-JDP (PS)<br><br>ORDER |

Plaintiffs Crystyl Williams and her son Xaiver Arcilla bring this action against twelve defendants for incidents surrounding Arcilla's custody. I will dismiss the complaint and give plaintiffs an opportunity to remedy the deficiencies identified below. I will also grant plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 5 & 6, which make the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Williams alleges that Child Protect Services ("CPS"), with the assistance of her former partner, worked together to remove her son from her custody. She alleges that she "maintained an unblemished record of successful employment at community businesses" until her former partner "weaponized false complaints to CPS and the Sierra County Sheriff's Department." ECF No. 1 at 4. Williams claims that a judge approved a five-year domestic restraining order against her former partner, but that the Sierra County Sheriff's Department refused to serve the restraining order. *Id.*

Williams also alleges that the CPS investigation was "unsubstantiated" because her former partner conspired with defendant Brandie Purvis, a Sierra County employee, to "launch additional false complaints." *Id.* CPS, based on Purvis's complaints, pursued a case against her for an

entire year. CPS additionally imposed a 4-hour per day work restriction on Williams, which led to numerous problems, including the repossession of her car and eviction. Williams alleges that during the final month of the investigation, CPS placed her and her family in a Motel 6 in Reno, Nevada, but the sentence cuts off after that. *Id.* It appears that Williams may have intended to say more, but the court is unable to determine the end of that sentence.

As for injuries, Williams alleges that she suffered physical injuries from the excessive force used by the Sparks County Police Department, including chemical burns to the face from mace, taser shocks while handcuffed, and a dislocated shoulder. *Id.* at 5. She has also suffered emotional harm from losing custody of her son, going to jail, and more. *Id.* Plaintiff Arcila alleges that he suffers from the emotional trauma of being "unlawfully seized from his bed by CPS and law enforcement, forcibly removed from the home with minimal clothing, and separated from his motion [Williams] without due process or court order." *Id.*

The complaint fails to state a claim for several reasons. First, the complaint lists as defendants Sierra County, City of Sparks, Sparks Police Department, Washoe County, Washoe County Sheriff's Office, Mike Fisher, Fadden, Brandie Purvis, Sierra County Child Protective Services, Tamera Powers, Jamie Shiltz, and Crystal Evans—yet the complaint is unclear as to what action each defendant took. Moreover, several defendants—for example, Powers, Fadden, Fisher, Shiltz, Evans, Washo County—are never mentioned in the complaint. Because the court is unable to locate any specific allegations of wrongdoing by a particular defendant, the complaint must be dismissed. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Further, this court does not have jurisdiction over child custody claims, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors

and a fortiori, right of visitation[';] the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Finally, this court lacks subject matter jurisdiction to review final determinations of state court custody proceedings. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). To determine whether the *Rooker-Feldman* doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," the court cannot hear the de facto appeal portion of the case, and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

The complaint is dismissed with leave to amend. Plaintiffs may file an amended complaint that explains why, if at all, their claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiffs shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiffs a complaint form with this order.

5. Plaintiffs' motions to proceed *in forma pauperis*, ECF Nos. 5 & 6, are GRANTED.

IT IS SO ORDERED.

Dated: October 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE